```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DIRECTV, INC.,             )
      Plaintiff,           )
                           )
   vs.                     )   Civil Action No. 04-0773
                           )   Judge Lancaster
BRUCE FIGLER,              )   Magistrate Judge Hay
      Defendant.           )
```

## AMENDED REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the defendant's Renewed Motion to Dismiss (Doc. No. 40) be denied.

### II.  REPORT

The plaintiff, Directv, Inc. ("Directv"), commenced this action against defendant Bruce Figler,[1] alleging that he purchased and utilized satellite "piracy devices" to circumvent Directv's encryption and signal protection controls, permitting the decryption and unauthorized interception of its television programming.  In its complaint, Directv asserts that the defendant's complained-of acts violated the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, et seq., the Electronic

---

1.  Directv initially sued eleven defendants, including defendant Figler, in Civil Action No. 03-750, for the violations at issue in this case.  On April 20, 2004, the Court severed the remaining five defendants, including defendant Figler, from Civil Action 03-750 and ordered the matter to proceed under a separate civil action for each defendant upon payment of the requisite filing fee.  The instant civil action proceeded with the filing of the fee and complaint on May 21, 2004.

Communications Privacy Act of 1986, 18 U.S.C. § 2510, et seq., and Pennsylvania law, 18 Pa.C.S.A § 910, et seq.

In Counts 1 and 3 of its complaint, Directv contends that the defendant violated 47 U.S.C. § 605(a)[2] and (e)(4),[3] respectively, for which it seeks damages under 47 U.S.C. § 605(e)(3)(C).[4] In Count 2, the defendant is said to have violated 18 U.S.C. § 2511.[5] In Count 4, it is alleged that the defendant violated 18 PA.C.S.A. § 910.[6] Directv seeks injunctive

---

2. Under 47 U.S.C. § 605(a), a person is prohibited from, *inter alia*, intercepting and receiving satellite communications unless having been authorized to do so.

3. Under 47 U.S.C. § 605(e)(4), a person is prohibited from manufacturing, assembling, modifying, importing, exporting, selling or distributing any device or equipment used to assist in the unauthorized decryption of satellite cable programming.

4. Under 47 U.S.C. § 605(e)(3)(C), a person aggrieved by a violation of subsection (a) or paragraph (4) of Section 605 may bring a civil action for equitable and monetary relief.

5. Under 18 U.S.C. § 2511(1), a person is prohibited from intentionally intercepting, using, or endeavoring to intercept, use, or procure other persons to intercept electronic communications.

6. Under 18 Pa.C.S.A. § 910, a person commits an offense if he possesses, uses or assembles an unlawful telecommunication device which can be used for commission of a theft of telecommunication service, or to decrypt, acquire or facilitate the decryption or acquisition of any telecommunication service without the consent of the telecommunication service provider.

relief and statutory damages, and it has invoked the Court's federal question and supplemental jurisdiction.

Presently before the Court for disposition is the defendant's Renewed Motion to Dismiss. For the reasons that follow, the district court should deny the motion.

### *Standard of Review*

Pursuant to Fed.R.Civ.Proc. 12(b)(6), a motion to dismiss may be granted by the court only if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

### *Discussion*

Defendant raises four arguments in support of his Renewed Motion to Dismiss. We will address each in order.

First, the defendant asserts that the complaint is barred by the applicable 2-year statute of limitations.[7] Specifically, the defendant argues that, as evidenced on the face of the complaint Directv's cause of action accrued at the latest on May 25, 2001, and since the complaint in this case was filed on May 21, 2004, at least nearly three years after the cause of action accrued, the statute of limitations bars this complaint. Because it appears that the district court has previously ruled on this same argument, under the doctrine of the law of the case the district court should reject defendant's statute of limitations argument.

We begin our discussion by noting that "the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d

---

7. The parties agree that a two-year statute of limitations applies to claims arising under the Cable Communications Policy Act and the Pennsylvania piracy statute at issue here (Counts I, III and IV of the complaint). See, Kingvision Pay-Per-View v. 898 Belmont, Inc., dba El Toro Bar, 366 F.3d 217, 224-225 (3d Cir. 2004). Likewise, a two-year limitations period applies to claims brought under the Electronic Communications Privacy Act (Count II). See 18 U.S.C. § 2520(e)("A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation.").

1092, 1094 (3d Cir. 1975). 'If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).' <u>Bethel v. Jendoco Constr. Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978)." <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002).

In its complaint, Directv asserts that on or about May 25, 2001, it executed writs of seizure (the "raid") at a mail shipping facility used by several major distributors of pirate access devices and from documents obtained as a result of this raid, Directv learned that defendant Figler had purchased a pirate access device. Complaint, ¶ 6. Thus it appears from the face of the complaint that May 25, 2001 is arguably the point at which Directv discovered or should have discovered that it had been injured and that its injury was caused by another party's conduct, <u>i.e.</u>, the date Directv's cause of action accrued. <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1124 (3d Cir. 1997).[8]

The defendant notes that the complaint in this case was filed against him on May 21, 2004. <u>See</u> Doc. 1. The defendant argues that May 21, 2004 is clearly beyond the two-year statute

---

8. The defendant does not concede that the actual accrual date is May 25, 2001, but accepts for purposes of his motion that Directv claims the date as the accrual date. Doc. 41, pp. 6-8.

of limitations, assuming May 25, 2001 as the date Directv's cause of action accrued.

As noted, the defendant previously filed a motion to dismiss on statute of limitations grounds, wherein he argued that the actual accrual date in this matter occurred on one of three dates that preceded May 25, 2001.[9] This Court rejected that argument. See Docs. 28 (Report and Recommendation) and 30 (Order of Court adopting Report and Recommendation).  In the Report and Recommendation, this Court remarked that Directv had initially sued eleven defendants, including defendant Figler, in Civil Action No. 03-750, for the violations at issue in this case.  As well, this Court noted that on April 20, 2004, the Court severed the remaining five defendants, including defendant Figler, from Civil Action 03-750, ordered the matter to proceed under a separate civil action for each defendant upon payment of the requisite filing fee, and that Civil Action 04-773 proceeded with the filing of the fee on May 21, 2004.  This Court suggested that it appeared that "the parties are in agreement that the filing of the complaint in this case occurred on 5/23/03, the date 03-750 was opened."  See Doc. 28 (Report and Recommendation), n. 1.

---

9.  As a result, the defendant did not argue the question of whether the complaint was filed on May 23, 2003 or May 21, 2004 since that point was irrelevant to his argument inasmuch as either date would have been well beyond the two-year limitation period, assuming any of his posited accrual dates.

The defendant filed Objections to the Report and Recommendation wherein he asserted that, "This action was filed on May 24, 2004." Doc. 29, ¶ 5. He took issue with the Court's determination that the cause of action accrued on May 25, 2001.[10] Id., ¶ 10. He claimed that by using the filing date of May 24, 2004 and relating it back to May 23, 2003 (the date Civil Action 03-750 was filed), the Court had deprived him of the protection of the statute of limitations. Id., ¶ 11. Thus, the defendant appears to have raised in his Objections the argument that if the accrual date was May 25, 2001, then the filing date of May 24, 2004 in Civil Action 04-773 was beyond the two-year statute of limitations.

The district court independently considered defendant's motion and the record, including defendant's Objections, and rejected his arguments and denied his motion. See Doc. 30. Under the doctrine of the law of the case the Court's decision in this regard "should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1986) (quotation omitted). Therefore, since this Court has previously decided the very statute of limitations argument defendant now raises, that

---

10. In his Objections, the defendant incorrectly identified the date as March 25, 2001.

decision must control and the district court should reject the Renewed Motion to Dismiss on those grounds.

The defendant also raises the argument that no private right of action exists under 18 U.S.C. § 2520 for violations of 18 U.S.C. § 2511(1)(a), which forms the basis for Count 2 of Directv's complaint in this matter. Inasmuch as the United States Court of Appeals for the Third Circuit very recently determined that private parties <u>can</u> bring a cause of action for damages and injunctive relief where aggrieved by a violation of Section 2511(a)(1), the district court should reject the defendant's argument. <u>Directv v. Pepe</u>, 2005 WL 3436625, *3 (3d Cir. Dec. 15, 2005).

The defendant's third argument for dismissal is that there is no private right of action for direct-to-home satellite television providers under 47 U.S.C. § 605. In this case, Directv alleges that the defendant violated Section 605(a)[11](Count 1) and Section 605(e)(4)[12](Counts 1 and 3). The cases cited by the defendant on this argument do not support it.

---

11. As noted previously, under 47 U.S.C. § 605(a), a person is prohibited from, *inter alia*, intercepting and receiving satellite communications unless having been authorized to do so.

12. As noted previously, Under 47 U.S.C. § 605(e)(4), a person is prohibited from manufacturing, assembling, modifying, importing, exporting, selling or distributing any device or equipment used to assist in the unauthorized decryption of satellite cable programming.

Indeed, for example, in the case of Directv v. Albright, 2003 WL 22956416 (E.D.Pa. Dec. 9, 2003), the district court found that the defendant purchased a pirating device to use to pirate Directv's television transmissions without authorization and, thus, the defendant violated Section 605(a). Id. at *2. With regard to the question of whether Directv has a cause of action against defendant Figler under Section 605(e)(4), viewing the complaint as we must, i.e., according to liberal pleading standards, the Court simply cannot say at this stage of the proceedings that Directv will be able to state no set of facts in support of its Section 605(e)(4) claim. Accordingly, the district court should reject defendant's third argument.

Lastly, the defendant argues that injunctive relief is inappropriate in this case since Directv now has security measures in place to render any device purchased by the defendant ineffective and since Directv has an adequate remedy at law. Again, viewing the complaint according to liberal pleading standards, the Court simply cannot say at this stage of the proceedings that Directv will be able to state no set of facts in support of its claim for injunctive relief. Accordingly, the district court should reject defendant's fourth argument.

III. <u>CONCLUSION</u>

     For the above-stated reasons the district court should deny the defendant Renewed Motion to Dismiss.

     In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                        Respectfully submitted,

                        /s/ *Amy Reynolds Hay*
                        AMY REYNOLDS HAY
                        United States Magistrate Judge

Dated:   29 December, 2005

cc:    The Honorable Gary L. Lancaster
       United States District Judge

       Peter V. Marcoline, Jr., Esquire
       245 Fort Pitt Building
       3rd Floor
       Pittsburgh, PA 15222

       John W. Gibson, Esquire
       Law Office of John W. Gibson
       Greenfield Court
       1035 Fifth Avenue
       Pittsburgh, PA 15219-6201