```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

DIRECTV, INC.,                      )
      Plaintiff,                    )
                                    )
  v.                                )  Civil Action No. 04-0773
                                    )
BRUCE FIGLER,                       )
      Defendant.                    )

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                September 21, 2006

      This is an action in theft of services. Plaintiff, DIRECTV, Inc., alleges that defendant, Bruce Figler, purchased and unlawfully used a pirate access device to intercept its satellite television programming in violation of 47 U.S.C. § 605; unlawfully intercepted electronic communications in violation of 18 U.S.C. § 2511; and, unlawfully used a telecommunication device to decrypt or acquire DIRECTV telecommunication service in violation of 18 Pa.C.S. § 910.

      Plaintiff seeks statutory damages. Plaintiff has filed two motions for sanctions, a motion to dismiss defendant's motion to exclude, a motion to strike defendant's pretrial statement, a motion for additional discovery, and a motion for oral argument. For the reasons set forth below, the motions will be denied in part and granted in part.

II.     BACKGROUND

Before the court are plaintiff's Motion for Sanctions and to Dismiss or, in the Alternative, to Stay Response to Defendant's Motion to Exclude "Expert" Testimony (Doc. 104); plaintiff's Motion to Strike Defendant's Amended Pretrial Statement and for Additional Discovery (Doc. 108); plaintiff's Motion for Oral Argument on Plaintiff's Motion to Strike Defendant's Amended Pretrial Statement and for Additional Discovery (Doc. 111); and, plaintiff's Second Motion for Sanctions and Contempt for Defendant Bruce Figler's Failure to Comply with Pretrial Order and Submit Joint Stipulation of Facts and Stipulations of Authenticity/Admissibility of Plaintiff's Exhibits (Doc. 117). The court will address each of these in turn.

A.      <u>Motion for Sanctions and to Dismiss or, in the Alternative, to Stay Response to Defendant's Motion to Exclude "Expert" Testimony</u>

Plaintiff argues that defendant's Motion to Exclude "Expert" Testimony was filed in violation of Magistrate Judge Hay's May 16, 2006 order instructing the parties not to file motions <u>in limine</u> until this court issued its pretrial order. Defendant alleges that he did not consider his <u>Daubert</u> motion to

be a motion *in limine* and filed it out of concern that the court would otherwise consider it untimely.

This court issued its trial management order on September 5, 2006. According to this court's order no further motions *in limine* shall be filed before February 9, 2007. The nonmoving party's response to any motion *in limine* is due no later than March 16, 2007. Defendant's motion to *exclude* expert testimony is clearly a motion *in limine*. As such, this court will grant plaintiff's motion to dismiss, without prejudice. Defendant will be able to re-file his motion in accordance with the dates set forth in this court's trial management order of September 5, 2006. Plaintiff's Motion for Sanctions is denied and plaintiff's Motion to Stay a Response is denied as moot.

B. **Motion to Strike Pretrial Statement and for Additional Discovery**

In its motion to strike defendant's amended pretrial statement and for additional discovery, plaintiff argues that defendant violated Magistrate Judge Hay's pretrial order of May 16, 2006 by filing his pretrial statement three days late and by amending his pretrial statement to a greater degree than ordered by Judge Hay. Because Judge Hay's order did not preclude broader amendments to the pretrial statement, plaintiff's motion to strike defendant's amended pretrial statement will be denied.

Plaintiff further argues that due to new "material" facts alleged in defendant's pretrial statement, the court should allow for additional discovery - namely *five* more depositions. The court notes that defendant's amended pretrial statement does contain some additional facts. However, of the five people that plaintiff now wishes to depose, four of them were listed in defendant's original pretrial statement, one of them has already been deposed, and plaintiff admits to having interviewed at least two others. Discovery has been closed since October 25, 2005. Accordingly, Plaintiff's motion to depose Bruce Figler, Pete Figler, John R. Hampton, and Chester Rutkowski is denied.

Plaintiff's motion to depose "a representative of Radio Shack" is granted, as this new witness was recently added to defendant's pretrial statement and no such witness was previously identified. Defendant is ordered to identify the "Radio Shack representative" listed in his amended pretrial statement to plaintiff within 10 days of this date.

Defendant's request for attorney's fees, costs and expenses is denied.

Plaintiff's request that defendant make available all of the trial exhibits identified in defendant's amended pretrial statement for examination by plaintiff will be granted. Defendant is ordered to make available its trial exhibits within 10 days of

this date.

C. <u>Motion for Oral Argument on Plaintiff's Motion to Strike Defendant's Amended Pretrial Statement and for Additional Discovery</u>

Plaintiff's motion for Oral Argument is denied.

D. <u>Motion for Sanctions and Contempt for Defendant Bruce Figler's Failure to Comply with Pretrial Order and Submit Joint Stipulation of Facts and Stipulations of Authenticity/Admissibility of Plaintiff's Exhibits</u>

Plaintiff's Motion for Sanctions and Contempt is denied as moot based on this Court's September 5, 2006 order stating that the court will conduct a pretrial conference on April 6, 2007 where parties must be prepared to indicate on the record whether the exhibits of any other party are agreed to or objected to, and offer the reasons for any objection.

BY THE COURT:

/s/ [signature], J.

cc:   All Counsel of Record