IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIRECTV, INC., )
    Plaintiff, )
        )
    v. ) Civil Action No. 04-0773
        )
BRUCE FIGLER, )
    Defendant. )

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                             February 8, 2008

This is a case involving piracy of satellite programming. In April of 2007, a jury returned a verdict finding that defendant, Bruce Figler, had violated both Federal and Pennsylvania anti-piracy laws. The court entered judgment against Mr. Figler in the amount of $70,450.00 for his multiple violations of each statute.

Before the court is DirecTV's Motion for Attorneys' Fees and Non-Taxable Costs [Doc. No. 153]. DirecTV requests an award in the amount of $165,795.62. Figler has not responded to this motion. As a result, DirecTV filed a second motion entitled Motion to Deem DirecTV's Motion for Attorneys' Fees and Nontaxable Costs as Unopposed for the Failure of Defendant to File Response in Opposition [Doc. No. 158]. This second motion is superfluous. There is no dispute that Figler failed to respond to the Motion for Fees, and therefore, has filed no opposition to it. However, this does not mean that the court

will award DirecTV its full request, without analysis. Rather, we still must examine the fee request, and the supporting documentation, and determine whether the amounts requested are reasonable.

A. <u>Attorneys Fees</u>

The jury found that Figler had violated the Federal Communications Act, the Electronic Communications Privacy Act, and Pennsylvania law. Each of these statutes provide for an award of reasonable attorneys fees and costs to DirecTV. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary); and 18 Pa. Cons. Stat. § 910(d)(2)(iv) (award discretionary). Under these statutes the court has a duty, independent of any objections, or lack thereof, by the opposing party, to ensure that the award of fees and costs is justified, and reasonable. Where Figler's failure to object amounts to an admission, we have so noted.

We start with the lodestar calculation in determining what award of attorneys' fees is reasonable under the circumstances. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). To arrive at the lodestar amount, which is a presumptively reasonable fee, a court determines the reasonable hourly rate and multiplies it by the reasonable number of hours expended on the litigation. <u>City of</u>

Burlington v. Dague, 505 U.S. 557 (1992); United Auto. Workers Local 259 v. Metro Auto Center, 501 F.3d 283, 290 (3d Cir. 2007).

### 1. Reasonable Hourly Rate

The first factor in the lodestar equation is the hourly rate charged by the attorney. To determine the prevailing market rates in the relevant community, which are presumed to be reasonable rates, we must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). In order to meet this standard, a prevailing party usually submits statements from experienced counsel in the relevant jurisdiction attesting to the fact that the rates charged are in accordance with the market for an attorney of similar skill and experience.

Here, DirecTV has submitted the affidavit of Philip Ignelzi, an attorney who has practiced law in Pittsburgh, Pennsylvania for more than twenty years. Mr. Ignelzi states that the hourly rates charged Mr. Marcoline, lead local counsel, and Mr. Russo, lead regional coordinating counsel, are commiserate

with their experience and skill, and are comparable to market rates in this judicial district. Because Figler has failed to rebut this evidence, we must accept the $200.00 per hour rate for Mr. Marcoline and the $250.00 per hour rate for Mr. Russo as reasonable. Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996).

However, DirecTV has failed to submit any evidence in support of the rates charged by the other attorneys and the paralegals who worked on the case. Lead regional coordinating counsel Russo was assisted by attorneys Luchak, Annweiler, and Alexander, and paralegals Hunter and Millican. Paralegal Phillips assisted lead local counsel Marcoline. The record is devoid of any evidence as to the appropriateness of their rates. We have no information regarding their skill level or experience, or the market rates for similarly skilled professionals. Instead, DirecTV seems to argue that because lead counsels' rates are reasonable, all rates charged by their subordinates must also be reasonable. This is insufficient to satisfy DirecTV's burden to prove the reasonableness of its rates. Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984) (reasonableness showing must rest on more than attorney's own statements). DirecTV has failed to establish the reasonableness of the hourly rates charged by attorneys Luchak, Annweiler, and Alexander, and paralegals

4

Hunter, Millican, and Phillips. Due to this complete lack of supporting evidence, we will not include any hours charged by these individuals in our lodestar calculation. See Holmes v. Millcreek Twp. School Dist., 205 F.3d 583, 595 (3d Cir. 2000) (finding fee award to be excessive, and reducing it by 75%, based, in part, on counsel's failure to support the reasonableness of her hourly rate with proper evidence).

### 2. Reasonable Number of Hours

Next, in calculating the lodestar, we must determine the reasonable number of hours expended on the litigation. A court must determine whether the hours charged are reasonable for each of the particular tasks described and exclude any hours that are "excessive, redundant, or otherwise unnecessary." Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). However, the Court of Appeals for the Third Circuit has held that "a district court in a statutory fee case may not reduce the number of hours claimed by an attorney if the adverse party has declined to 'raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure.'" Cunningham v. City of McKeesport, 807 F.2d 49, 52-53 (3d Cir. 1986); see also Bell v. United Princeton Properties, Inc., 884 F.2d 713, 719 (3d Cir.

1989) (extending the Cunningham rule to ERISA fee petition cases).

In this case, Figler has filed no response to DirecTV's motion seeking attorneys fees. Therefore, under the Cunningham rule, we will not reduce the number of hours claimed.

However, even without such a rule, we would not deem any of the hours claimed to be excessive, redundant, or otherwise unnecessary. We have reviewed the detailed time sheets submitted in support of DirecTV's petition. We find that the hours charged were reasonable, and not duplicative, and that the tasks performed were necessary. We find no entries that would qualify as excessive, redundant, or otherwise unnecessary.

### 3. Lodestar Calculation

Having determined that attorneys Marcoline and Russo's hourly rates are reasonable, and having found that all hours claimed were reasonable, we calculate the lodestar to be $102,680.00 ((313.90 hours x $200) + (159.6 hours x $250)). The lodestar is presumed to be the reasonable fee. However, a court may make adjustments to the lodestar where appropriate. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). We see no reason to adjust the lodestar in this case.

First, Figler has not responded to DirecTV's motion, and thus, presented no arguments warranting an adjustment in this case. Second, we independently find no reason to adjust the lodestar. An award of around $100,000.00 to litigate this case is appropriate. As DirecTV has aptly summarized, Figler drove up the costs of this case with his dilatory and obstructionist tactics, and baseless legal arguments. Moreover, the considerations that typically arise in the context of adjusting the lodestar are not implicated here, e.g., contingency fee arrangements, lack of success, quality of service, and novelty and complexity of the case. Metro Auto, 501 F.3d at 292 (summarizing considerations); Windall, 51 F.3d at 1185 & n.8 (same). Finally, we are not troubled that the fee award exceeds the damages award. There is no requirement of proportionality between the fee award and the damages award in this jurisdiction. Metro Auto, 501 F.3d at 292-94.

Therefore, we award attorneys' fees in the amount of $102,680.00. Although this award is mandatory under the Federal Communications Act, we also find it appropriate under the discretionary provisions of the Electronic Communications Privacy Act and Pennsylvania law. As all issues presented in this case were intertwined, we need not apportion the award among the

statutes. Rather, the full award is warranted under any one of them.

B. <u>Costs and Expenses</u>

In addition to an award of attorneys' fees, DirecTV also seeks nearly $45,000.00 in costs and expenses. The bulk of this amount is for expert witness fees ($29,112.84) and investigative services ($5,665.48). In addition, DirecTV seeks reimbursement for mediation services ($1,375.00), witness costs ($2,273.81), and copying, process, and delivery fees ($675.96). DirecTV has submitted documentary evidence supporting each of these costs and expenses.

Figler has failed to challenge the accuracy, reasonableness, or necessity of any of them. We have examined the documentary evidence and considered the necessity and reasonableness of each charge in the context of this case. We find that each of the costs and expenses incurred were necessary and reasonable.

Therefore, we award costs and expenses in the amount of $44,796.37. Although this award is mandatory under the Federal Communications Act, we also find it appropriate under the discretionary provisions of the Electronic Communications Privacy Act and Pennsylvania law. As all issues presented in this case

were intertwined, we need not apportion the award among the statutes. Rather, the full award is warranted under any one of them.

Therefore, IT IS HEREBY ORDERED that DirecTV's Motion for Fees and Nontaxable Costs [Doc. No. 153] is GRANTED, in part, and DENIED, in part. DirecTV is awarded attorneys' fees in the amount of $102,680.00 and costs and expenses in the amount of $44,796.37.

IT IS FURTHER ORDERED that DirecTV's Motion to Deem its Motion for Fees and Costs as Unopposed [Doc. No. 158] is MOOT.

BY THE COURT:

_____, J.

cc: All Counsel of Record